UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:21-CR-05-REW-1

UNITED STATES OF AMERICA, PLAINTIFF,

V.   MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

NICOLE S. COMBS, DEFENDANT.

The defendant previously provided notice of her intent, pursuant to Rule 12.2, to present evidence at trial of her insanity at the time of the offenses alleged in the indictment, and concern regarding her competency to proceed to trial. [R. 32, 36]. In response, the United States requested an order requiring that the defendant be evaluated to address the questions of competency. [R. 35, 37]. The Court granted both motions and directed that a custodial evaluation pursuant to 18 U.S.C. §§ 4241 and 4242 be conducted by an evaluator with the Bureau of Prisons to address both issues. [R. 37, 52]. The evaluation occurred, as ordered by the Court, and all parties received the resulting forensic reports issued by licensed BOP forensic psychologist Dr. Amor Correa. In the competency report, Dr. Correa opines that Combs is competent for trial purposes.

The Court scheduled a competency hearing as required under 18 U.S.C. § 4747, to address the issue of current competency. [R. 60]. At the hearing, the parties appeared with counsel, and as it relates to the report of current competency, the parties stipulated to admissibility of the Report, to the Report's findings, and to Dr. Correa's qualifications. The parties also waived introduction of other proof and argument in opposition and waived the right

1

to cross-examine the evaluator.

Section 4241 provides that for a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 80 S. Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C.§ 4241(c) (referencing Section 4247(d) for hearing procedure).

Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) with *United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question. *See, e.g., Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

With a stipulation as to both the admissibility and substance of the Report, the only

2

proof regarding current competency is the expert analysis of Dr. Correa. In the Report, Dr. Correa thoroughly analyzed Defendant's history, behavior, course of evaluation, and testing performance. Dr. Correa personally observed Combs during direct interview, subjected her to psychological testing, and reviewed supplemental information, including legal and other records, to assist in the evaluation. Dr. Correa and/or the facility screened for any relevant medical issues.

The Report is a comprehensive assessment of Defendant's history, condition, and circumstances. Dr. Correa diagnosed Combs as suffering from Posttraumatic Stress Disorder and Opioid Use Disorder, Severe, In Sustained Remission. However, no impairment was found sufficient to impact competency negatively. Specifically, Dr. Correa found that although the Defendant demonstrates historical and current symptoms of depression, anxiety, and bipolar disorder, they do not appear to warrant independent diagnoses, as the symptoms are accounted for by her diagnosis of PTSD. In addition, although she meets the diagnostic criteria for PTSD, her current symptoms do not significantly impact her daily functioning. Regarding the diagnosis of Opioid Use Disorder, Severe, In Sustained Remission, Dr. Correa states that although her drug use led to significant consequences in the past, "In Sustained Remission" indicates that she has not used opiates in over 12 months.

Dr. Correa applied the *Dusky* standard in determining that Combs is competent. She states that Combs did not present with any major mental health symptoms during the evaluation period that would prevent her from being a competent defendant. Combs demonstrated the ability to retain legal and Court concepts and apply those concepts to her own case in a rational manner. Finally, she displayed no psychological deficit that would prevent her from assisting her attorney in her defense. The Report's competency opinion stands unrebutted. Defense counsel provided no observations to conflict with the Report's competency conclusion. Further,

3

the Court has not independently observed behavior that conflicts with Dr. Correa's conclusions.

The Court finds no evidence to support a conclusion that Defendant is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, according to § 4241(a), Defendant is able to understand the nature and consequences of the proceedings and can assist properly in her defense. Therefore, the Court **RECOMMENDS** that the District Judge find Nicole S. Combs competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 19th day of October 2021.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge