UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:21-CR-5-REW-EBA-1 |
| v. | ) | |
| | ) | |
| NICOLE S. COMBS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court must consider the Report and Recommendation (DE 61) of United States Magistrate Judge Edward B. Atkins, addressing whether Defendant Nicole S. Combs is competent to stand trial under 18 U.S.C. § 4241. *See* DE 32 (Defendant's Motion); DE 60 (Minute Entry for Competency Hearing). In July of 2021, Defendant moved for an examination of her trial competency and to explore whether she has any mental conditions that might be legally relevant to her charges or potential defenses. DE 32; *see also* Fed. R. Crim. P. 12.2. Judge Atkins granted that motion, and Dr. Amor Correa, a Forensic Psychologist, conducted a custodial evaluation. DE 37 (Order); DE 59 (Sealed Psychiatric Report). Dr. Correa concluded that Combs is competent to stand trial. DE 59 at 9 (Sealed Psychiatric Report).

After Dr. Correa's report was filed and made available to the Parties, Judge Atkins conducted a competency hearing. DE 60 (Minute Entry). Upon completing that hearing, Judge Atkins recommended that the Court find Combs competent to proceed, based on Dr. Correa's psychiatric evaluation and Defendant's and her counsel's representations at the hearing. DE 61. The recommendation, filed on October 19, 2021, advised the Parties that any objections must be filed within fourteen (14) days of its entry. *Id.* at 4. This period has lapsed, and neither party has

1

objected. Judge Atkins correctly stated the standard and questions presented, and he followed the proper procedures under § 4241.

This Court reviews *de novo* those portions of the Recommended Disposition to which a party objects. 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the Parties do not object to the magistrate judge's recommendation, they waive any right to review. *See* Fed. R. Civ. P. 59; *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court has assessed the full record and Judge Atkins's thorough recommendation. His recommendation relies significantly on Dr. Correa's report. DE 61. That detailed report applied the *Dusky* and statutory standard faithfully, finding that "[Combs] is not suffering from a mental disease or defect which would render her unable to understand the nature and consequences of the proceedings against her, to assist properly in her own defense, or to understand the consequences and significance of pleading guilty to the charges against her." DE 59 at 9. The expert grounded her findings in a battery of recognized tests, personal interviews with Defendant, auditing Defendant's history, and independent staff observations. DE 59 at 2-3. Ultimately, Dr. Correa determined that Combs met the diagnostic criteria for both "Posttraumatic Stress Disorder" and "Opioid Use Disorder, Severe, In Sustained Remission." *Id.* at 8. But, regarding PTSD, Dr. Correa found that Combs's "symptoms do not significantly impact her daily functioning." *Id.* at 8. And

regarding Combs's "Opioid Use Disorder," although Combs "severely" abused the drugs previously, she is "In Sustained Remission" indicating that she has not used opiates in over twelve months. *Id.* Thus, Dr. Correa found that Combs is competent to stand trial and "has demonstrated the ability to retain legal and Court concepts and apply these concepts to her own case in a rational manner." *Id.* at 8-9. Defense counsel did not rebut these findings, and the Court did not independently observe any behavior that would conflict with Dr. Correa's conclusions. DE 61 at 3-4.

In sum, "the Court finds no evidence to support a conclusion that Defendant is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence." *Id.* at 4. The defense stipulated to the report and to its findings. *Id.* at 1. Judge Atkins perceived no contrary information. *Id.* at 3-4. The lone supported conclusion under the statute is competency. Judge Atkins recommended this conclusion, and Combs did not object. The Court agrees. On this record, trial competency is the sole supported conclusion.

Accordingly, the Court **ADOPTS** the Report and Recommendation (DE 61) and **FINDS** Combs competent to face further proceedings in this matter, including trial.

This the 10th day of November, 2021.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge