UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:21-CR-5-REW-EBA-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NICOLE S. COMBS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 79 (Rearraignment Minute Entry), Magistrate Judge Atkins recommended that the undersigned accept Defendant Nicole S. Combs's guilty plea and adjudge her guilty of Counts Two and Three of the DE 48 Superseding Indictment. *See* DE 80 at 1-2 (Recommendation); *see also* DE 82 (Plea Agreement). Judge Atkins expressly informed Defendant of her right to object to the Recommendation to secure *de novo* review. *See* DE 80 at 2-3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 80, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Counts Two and Three of the Superseding Indictment (DE 48);

2. The Plea Agreement addressed forfeiture, as did the Indictment, but the Recommendation did not. Should the Government persist in seeking forfeiture, it shall file a proper motion within ten (10) days of this Order;

3. The Court **CANCELS** the jury trial in this matter as to this defendant only; and

4. The Court will issue a separate sentencing order.[1]

This the 18th day of March, 2022.

Signed By:
*Robert E. Wier*  REW
United States District Judge

---

[1] Upon concluding the hearing, Judge Atkins remanded Combs to the United States Marshal pending sentencing. *See* DE 79 (Rearraignment Minute Entry). The Court, thus, sees no need to further address detention at this time; Combs shall remain detained pending sentencing.